# MANDATE



11-4791-cv
Fried v. LVI Services, In[c.]

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of October, two thousand twelve.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           SUSAN L. CARNEY
                *Circuit Judges*.

------------------------------------------------------------------------
BURTON T. FRIED,

       *Petitioner-Appellant*,

     v.                                                    No. 11-4791-cv

LVI Services, Inc., AKA LVi Services, Inc., LVI Parent
Corp., Code Hennessy Simmons LLC, DBA CHS Private
Equity V LP, Apollo Investment Corp., Scott E. State,
in his official capacity and in his individual capacity,
Brian Simmons, in his official capacity and in his
individual capacity, Rajay Bagaria, in his official
capacity and in his individual capacity, Gerald J. Girardi,
in his official capacity and in his individual capacity,
       *Respondent-Appellees*.
------------------------------------------------------------------------

| APPEARING FOR APPELLANT: | DOUGLAS H. WIGDOR (Shaffin A. Datoo, *on the brief*), Thompson Wigdor LLP, New York, New York. |
|---|---|
| APPEARING FOR APPELLEE: | JOANNE SELTZER, (Jillian L. Hunt, *on the brief*), Jackson Lewis LLP, New York, New York. |
| APPEARING FOR AMICUS CURIAE: | ELIZABETH E. THERAN, Attorney (P. David Lopez, General Counsel, Lorraine C. Davis, Acting Associate General Counsel, *on the brief*), *for* Equal Employment Opportunity Commission, Washington, D.C. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 4, 2011, is AFFIRMED.

Burton T. Fried appeals from an award of summary judgment in favor of his former employer LVI Services, Inc. ("LVI"), as well as certain identified LVI Board members, officers, and related entities on Fried's claims of age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. ("NYCHRL"). We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. See Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d

Cir. 2012). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  ADEA Claims

Fried contends that the district court erred at the third step of the familiar McDonnell-Douglas burden-shifting framework, which governs ADEA discrimination claims, see Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010), in two respects: (1) by categorically concluding that "stray remarks" of age bias cannot raise an issue of material fact as to pretext; and (2) by failing to consider whether the totality of the evidence, rather than each piece of evidence individually, would permit a reasonable jury to find the alleged discrimination.

On review of the district court's detailed 35-page opinion, we are not convinced that it committed either of these errors. We need not pursue that point, however, because on de novo review, we also conclude that Fried failed to carry his burden at the third step of analysis.

In Henry v. Wyeth Pharmaceuticals, 616 F.3d 134 (2d Cir. 2010), we identified four non-dispositive factors appropriately considered in deciding what weight to accord isolated remarks suggestive of discriminatory bias: "(1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror

3

could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process)." Id. at 149.  Here, the remark in question—a query to Fried: "Burt, you're 71 years of age, how long do you expect to work? What if you're hit by a bus?"—was made by LVI's new CEO less than six weeks prior to Fried's termination as LVI Chairman.  The remark expressly referenced Fried's age in the context of disputing his claimed job duties.  These circumstances indicate that the statement can bear some weight in demonstrating discriminatory bias.

But Fried's burden at the third step of analysis required him to show more than possible age bias; he was required to adduce sufficient evidence to permit a reasonable jury to find that "but for" defendants' age bias, he would not have been terminated.  See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009).  The remark cannot bear that weight when considered against the overwhelming documentary evidence supporting LVI's articulated non-discriminatory reason for terminating Fried: the need to ensure that CEO State would be free to manage the company as he saw fit.  The same conclusion obtains even when, as we must, we consider the totality of the evidence that Fried points to as evidence of defendants' age bias.  Record evidence shows that, before State accepted the CEO position at LVI, Fried had provided written assurances to Board members that the new CEO would indeed be in charge of the company and that Fried would afford State "all the room he wants" to run LVI as he saw fit.  Instead, the evidence shows that, almost immediately after State

assumed the CEO position, Fried attempted to arrogate to himself fifteen areas of responsibility that went well beyond the most liberal construction of "strategic growth," his designated area of responsibility as LVI Chairman. On this record, we are compelled to conclude, as the district court did, that no reasonable juror could find that LVI's non-discriminatory reason for terminating Fried was a pretext for age discrimination and that "but for" Fried's age, he would not have been terminated.

The record compels the same conclusion with respect to Fried's claim that he was terminated in retaliation for complaining of age discrimination. In urging otherwise, Fried urges us to read Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, to require but-for causation only for ADEA claims of disparate treatment, not for ADEA retaliation claims. The conclusion is by no means obvious because the same word—"because"— relied on by Gross to support the conclusion that but-for causation is necessary to an ADEA disparate treatment claim, see id. at 176, is also found in the statute's retaliation provision, see 29 U.S.C. § 623(d). We need not, however, reach the question of whether the Supreme Court's reasoning in Gross would allow us to draw the distinction Fried proposes. Under either the but-for test or the motivating factor analysis that Fried prefers, the evidence in the record is insufficient to permit a jury to find that Fried was terminated "because" of his complaints of age discrimination. See 29 U.S.C. § 623(d).

Accordingly, we affirm the award of summary judgment to defendants on both Fried's ADEA discrimination and his ADEA retaliation claims.

2      NYCHRL Claims

Fried, who at all times relevant to his complaint lived and worked in Connecticut, also claims age discrimination and retaliation in violation of the NYCHRL. He argues that the district court erred in ruling that this claim was foreclosed by Hoffman v. Parade Publ'ns, 15 N.Y.3d 285, 907 N.Y.S.2d 145 (2010). Fried submits that he satisfied Hoffman's "impact requirement," id. at 290, 907 N.Y.S.2d at 148, because he frequently communicated with LVI's New York headquarters and attended meetings in New York City regarding local projects, and because State's decision to reassign his work duties was made in New York. Hoffman, however, found similar assertions insufficient to satisfy the impact requirement. See id. at 288, 907 N.Y.S.2d at 146 (noting plaintiff's assertions that he attended quarterly meetings in New York City, that he was managed from New York City, and that the decision to terminate him was made in New York City). Indeed, in Hoffman, the New York Court of Appeals emphasized that, to make the NYCHRL "simple for courts to apply and litigants to follow, lead[ing] to predictable results," it confined the protections of that law "to those who are meant to be protected—those who work in the city." Id. at 291, 907 N.Y.S.2d at 148. Because Fried did not "work in the city," summary judgment was properly granted for defendants on his NYCHRL claim.

6

3.  <u>Conclusion</u>

We have considered Fried's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit